## CLARKE *v.* RAY.

The date of publication of notice to creditors, under our Insolvent Act, is the first day on which the notice is published.

The fact that the Court was adjourned, though not for the term, at the time set for the hearing of objections of creditors, and that the hearing took place before the Judge, is no objection to the regularity of the proceedings under the statute.

The Insolvent Law is not obnoxious to any provision of the Constitution.

APPEAL from the Superior Court of the City of San Francisco.

This was an action on two promissory notes. The defendant plead his discharge in insolvency. The case was tried by the Court, a jury being waived. The finding of the Court recites that on October 21st, 1854, the defendant filed, in the District Court of the Twelfth Judicial District, his petition for a discharge as an insolvent debtor, with a schedule of his affairs duly signed and swown to; that the indebtedness sued on in this action is enumerated in said schedule, as follows only: "Mortgage on property on Sansome street, between Jackson and Washington streets, to J. Clarke and B. W. Beckh, with interest from 26th January, 1854, being date of note and mortgage, $12,000;" that on the same day the District Judge issued an order requiring the creditors to appear before the said Judge in open court on November 29th, 1854, to show cause, etc., and directed the Clerk to issue a notice to creditors accordingly; that on November 29th, 1854, (it appearing to the satisfaction of said Judge, by affidavits, that notice to creditors had been regularly given in pursuance of said order,) the said Judge being present at the Court-room of said District Court, sitting at chambers, and creditors of said insolvent appearing, but none of them desiring to appoint an assignee, the Court appointed the sheriff of the county to receive the surrender of the insolvent's property; that on December 2, 1854, the first day of the sitting of said Judges in open Court, subsequent to November 29th, no creditors appearing, the Court entered an order appointing the sheriff assignee; "that on July 28th, 1855, the Judge of said District Court made an order," reciting that it appearing that ten days had fully elapsed since the appointment of the sheriff as assignee, and no opposition having been filed by any of the creditors, except one, who had since, in open Court, withdrawn his opposition, and ordering the final release and discharge of the insolvent, defendant herein. The finding of the Court below further establishes that the said District Court was, in November 27th, 1854, adjourned to December 2d, following; that the affidavit of publication of notice to creditors was not filed in said Court till December 2d; that the indebtedness sued on in this action, is sufficiently designated in the defendant's schedule of insolvency; and that the discharge of the defendant as an insolvent debtor is a complete bar to a recovery in this action. The Court below gave judgment for defendant. Plaintiff appealed.

*Jeremiah Clarke*, Appellant, in person.

I. The Insolvent Act contravenes that part of section 8 of article 1, of the Constitution of California, which provides that no person shall be " deprived of life, liberty, or property, without due process of law." The defect which we point out is, that the statute provides for a decree or judgment being entered, taking from the creditor his property without his having had any actual notice of the proceedings in the case, and that such notice is indispensable to " due process of law." The claim on which this suit was brought was, and is property, as much as the plaintiff's lands or goods are property, and he can only be deprived of of it by the same means that he can be deprived of any other property, *i. e.*, by due process of law.

II. The Court never acquired jurisdiction of the person of the plaintiff in this suit, one of the defendants in the suit in insolvency. Not only is the whole scope of the Insolvent Act in derogation of the common law, but the proceedings are purely statutory, and not only in derogation, but directly and utterly hostile to the principles of the common law ; and therefore the proceedings pointed out by the statute to be taken, to give the Court jurisdiction of the persons to be affected adversely by the final determination, must be pursued with great exactness. Burdick *v.* Bloom *et al.*, 1 Hill, and cases there cited. Now in the case of Ray *v.* his Creditors, there was, so far as this plaintiff is concerned, an entire disregard of them.

The statute points out in minute detail what must be done to give the Court jurisdiction of the persons of the creditors. The first is the presentation of the petition. See section 2d. By section 3d he must file a summary statement of his affairs, called his schedule, and the contents of the schedule are pointed out with precision in the same section. It must state the name of the creditor, if known. Second, the amount due to each. Third, the cause and nature of the indebtedness, and when it accrued. Fourth, a statement of any existing judgment, mortgage, collateral or other security, for the payment of such debt. Section 4 provides for the verification of the petition and schedule. Section 5 provides that "the Judge receiving such petition and schedule, shall make an order requiring all creditors to show cause why assignment should not be made and debtor discharged."

The statement in the schedule shows simply a mortgage on property which is not, and does not, include or infer a debt. It does not show the amount due, for it does not show that anything is due, or in other words, owing. For the same reason it does not show the cause or nature of the indebtedness. The statute requires that the debt shall be set out with its circumstances, to whom due, for what cause, when it accrued, and the security, if any, for its payment.

III. The proceedings in insolvency subsequent to the order calling upon the creditors to show cause, were *coram non judice* and void, for the further reason that thirty days were not given to the creditors to appear after the publication of the notice. The publication of the notice was not and could not have been commenced, as the finding

shows, until the 21st day of October, and the creditors were called upon to show cause on the 29th of November, which was at least twenty days too soon. Now, (see section 8) the notice shall require the creditors to show cause, within thirty days from the date of the publication of the notice. The same section requires the notice to be published for thirty days. What is the date of the publication of the notice? Why clearly the 30th day from the day when the publication is commenced. It is not from the date of the commencement of such publication. This, within the case of the People *v.* Woodlief, 2 Cal. R., 241, makes the whole proceeding void. See also Harriot *v.* Van Cott, 5 Hill, 285; Dowd *v.* Small, ib., 186.

IV. The decree of discharge was void, for that the creditors had no day in Court. Bloom *v.* Burdick, 1 Hill, 130, see page 140. The notice called upon them to be in open Court on the 29th day of November, and on the 27th, two days before, the Court adjourned until the 2d day of December, which was three days after. Now it should be borne in mind that there are some of the proceedings in insolvency that can only be taken on the day fixed in the notice for the appearance of creditors. See section 18. It is on the day appointed for the meeting, only, that the creditors can take action in what is frequently most important to them, to wit, in appointing assignees.

The notice required the creditors to appear in open Court, and there was no Court; and by no rule could the creditors be required to attend in the Court-room after the Court had been adjourned beyond the time. See Weist *v.* Critsinger, 4 John., 117; Proudfit *v.* Herman, 8 ib., 291; McCarty *v.* McPherson, 11 ib., 407.

V. The order discharging Ray from his debts was void. It was made by the Judge instead of by the Court. In the case of McIlhany *v.* ————, 6 Cal. R., this Court held that such a discharge was void. The finding states that the order discharging the defendant from his debts was made by the Judge.

*W. P. Hallett* for Respondent.

The plaintiff, in support of the first point made by him, that "the law is unconstitutional," confines himself therein to one ground, which is, "that it deprives a person of his property without due process of law."

The case of Bloom *v.* Burdick, 1 Hill, 139, cited by the plaintiff, is directly in point. Mr. Justice Bronson therein says : "It is a cardinal principle in the administration of justice, that no man can be condemned or divested of his right until he has had the opportunity of being heard. He must, either by serving process, publishing notice, appointing a guardian, or in some other way, be brought into Court." The same Judge, in the case of Taylor *v.* Porter, 4 Hill, 147, defines the meaning of the words "due process of law," to be "a prosecution or suit instituted and conducted according to the prescribed forms and solemnities for ascertaining guilt, or determining the title to property."

We deem the decision of our own Supreme Court, in the case of

Cohen, Roman *et al.*, assignees, *v.* Barrett & Sherwood, as conclusively settling the point as to the constitutionality of our Insolvent Act; also their decision in the case of Cheever *v.* Hays; and do not, therefore, consider the constitutional question of an insolvent Act an open one, long since having been settled by the Courts of nearly every State.

The plaintiff contends that the Judge of the Twelfth District Court never acquired jurisdiction of the person of the plaintiff, for that the insolvent's schedule did not set forth the claim of the plaintiff with sufficient accuracy and preciseness.

Is not the statement in the schedule a statement of the indebtedness to J. Clarke and Beckh? Does it not give the nature of the indebtedness, and the cause, and a statement of the mortgage to secure the payment of the debt? also the names of the creditors, so far as known?

In the case of Taylor *v.* Williams, 20 Johns Rep., 21, the Court held, that in the case of insolvency, "if the specification is such as fairly to apprise the creditors of the general ground of indebtedness, so as to give them a clew to inquiry, it seems to us to be sufficient.

The next point made by plaintiffs is, that the proceedings in insolvency subsequent to the order calling the creditors to show cause, were *coram non judice* and void, for the reason that the creditors were not called to appear thirty days from the completion of the publication.

The statute requires that "that the Judge granting the order for the meeting of creditors, shall direct the Clerk of the Court to issue a notice calling the creditors of the insolvent to be and appear within thirty days from the date of the publication of said notice." Clearly, the date of the publication means, from the day the notice was put in the paper, and to be published thirty days.

The counsel for the plaintiff cites the case of The People *v.* Woodlief, 2 Cal. R., 241, as in point. That case was one in which the summons was made returnable in thirty days, instead of forty, as specifically required by statute.

The case of Harriott *v.* Van Cott, 5 Hill, 285, cited by plaintiff, does not bear upon the point; nor does the case of Dowd *v.* Small, ib., 186. The statute is clear on the point, and was complied with by the insolvent, Ray.

As to the fourth point made by plaintiff. The statute was complied with, and strictly too. The creditors were, by the Judge, ordered to appear on the 29th of November in open Court. Two days previous to that time, viz., on the 27th, the Court adjourned to the 2d of December.

The adjournment of the Court was not an act committed by the insolvent, or one which he could foresee or prevent. On the 29th, however, the Judge being on the bench in the Court-room of said Twelfth District Court, and creditors appearing, and none of them desiring the appointment of assignee, the Judge ordered that William R. Gorham, sheriff of the county of San Francisco, be appointed assignee, and on the 2d day of December, the very day that the Court had adjourned to, the order was made, and entered by the clerk in the minutes, appoint-

ing said Gorham assignee. Now, the plaintiff objects to the appointment of said Gorham, and insists that the proceedings were not regular. Why was he not in Court on the 29th of November, the day upon which he was ordered to appear? If he had been there, he would have been apprised of what was done; he would have had an opportunity of being appointed assignee, if he desired. If the Judge, at chambers, had no jurisdiction, why did the plaintiff not appear on the 2d of December, and then demand to be appointed? The plaintiff was not there because, as he states, the very day on which he was ordered to appear, there was no open Court, for that the Court had adjourned on the 27th of November to the 2d of December. Was he not obliged to take notice of the adjournment of the Courts? See case of Cheesborough v. Van Ness, 12 Georgia R., 380, and the opinion of the Court.

One of the two following propositions must be true. Either Clarke was aware of the adjournment of the Court, or he was not.

If he was not aware of the adjournment, we ask, in all reason, why he did not appear on the 29th of November, the day the creditors were ordered to meet?

If, on the other hand, he was aware of the adjournment, what reason can he assign for not appearing on that day, to wit, the 2d of December?

The cases of Weist v. Critsinger, 4 Johns., 117, Proudfit v. Herman, 8 Johns., 391, and McCarty v. McPherson, 11 ib., 407, are not applicable to this case, they being decisions upon the adjournment of Justices' Courts—which are Courts of very limited jurisdiction—having no regular terms, and a cause once adjourned by the justice, without consent of parties, would probably amount to a discontinuance, if not otherwise provided by statute. We think the case of Cheesborough v. Van Ness to be clearly in point. 12 Georgia R., 380, cited supra.

The fifth and last point raised by plaintiff is, that the order discharging Ray from his debts and liabilities was void, having been made by the Judge at chambers and not in open Court.

It will be necessary, at the outset, to correct the statement made by the plaintiff. The fact is, the discharge was made by the Judge in open Court.

We do not think the discharge should be avoided on this ground—the word Judge was used for Court—there being but one Judge of the Twelfth District Court, and it was used in reference to that fact.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

1. The date of the publication of notice to creditors, under our Insolvent Act, is the first day on which the notice was published.

2. The objection that the Court was adjourned at the time appointed, and at the time the judge met to hear the objections of the creditors, is not valid. The statute authorizes such hearing to be in open Court or at chambers; the so-called adjournment was not of the term; it was, in effect, but a recess from labor within the term, and the Court had

the power to resume its duties whenever the judge saw fit; provided, that, in the proceedings subsequent, parties suffered no injustice from surprise. This cannot be urged here, as the petition was heard on the day appointed for that purpose.

3. The objection that the order of discharge was granted in chambers, is not sustained by the record. The mere circumstance that the finding says that the Judge of the Twelfth District Court made the order, does not show that it was made in chambers. The same finding recites that on the day of the order one of the creditors, in open Court, withdrew his objections to the discharge, which makes it evident that the latter was granted in open Court. Besides this, all intendments are in favor of sustaining the judgment below.

4. The Insolvent Law of this State is not obnoxious to any provisions of the Constitution.

Judgment affirmed.